IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD L. BARTA,                )
                                 )
        Petitioner,               )
                                 )
                                 )   CIV-15-453-F
v.                               )
                                 )
STATE OF OKLAHOMA,               )
                                 )
        Respondent.               )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed upon filing. Alternatively, it is recommended that the Petition be dismissed without prejudice for failure to exhaust available state remedies.

In his Petition filed April 30, 2015, Petitioner asserts that on February 22, 2006, he was sentenced to a term of imprisonment of 40 years with all but the first 20 years suspended, that he discharged the confinement portion of the sentence on January 30, 2015, and that on February 5, 2015, he was placed on supervised probation concerning the suspended portion of his sentence.

1

Petitioner has attached to the Petition copies of evidentiary documents[1] reflecting that on February 22, 2006, in State of Oklahoma v. Richard Barta, Case No. CF-2005-148, District Court of Beckham County, Petitioner appeared in court with his defense attorney and entered a plea of guilty to charges of rape in the second degree and assault and battery with a dangerous weapon, both after former conviction of two or more felonies. Pursuant to a plea agreement, Petitioner was sentenced to serve a term of imprisonment of 40 years with all but the first 20 years suspended on each count, with the sentences to run concurrently. In this plea proceeding, Petitioner was advised of his right to appeal the convictions and sentences.

In his first ground for habeas relief, Petitioner contends that his plea agreement did not provide for supervised probation in connection with the suspended portion of his sentence and therefore he cannot lawfully be placed on supervised probation.[2] Petitioner argues that, in the absence of any agreement as to probation, his due process rights were violated when he was coerced into agreeing to rules and conditions of supervision for his suspended sentence.

Petitioner's claim is based on a violation of state law, not the Constitution. Title 28

---

[1] Petitioner has also attached to the Petition copies of pleadings filed by him in January and February 2015 in the Beckham County District Court in his criminal case, including a motion to enforce plea agreement, an application for order nunc pro tunc, and a motion to vacate suspended sentence. In these pleadings, Petitioner seeks to have his probationary status rescinded or to have the suspended portion of his sentences vacated altogether.

[2] Under Okla. Stat. tit. 22, § 991a(A)(1), following conviction a trial court may "[s]uspend the execution of sentence, in whole or in part, with or without probation" and order the defendant to comply with one or more conditions set out in the statute.

2

U.S.C. § 2254(a) "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Wilson v. Corcoran, 562 U.S. 1, __, 131 S.Ct. 13, 15 (2010). See Estelle v. McQuire, 502 U.S. 62, 67 (1991)("[F]ederal habeas corpus relief does not lie for errors of state law.")(internal quotations omitted). To warrant federal habeas relief, a "state's failure to follow its own law must be 'arbitrary in the constitutional sense'; that is, it must shock the judicial conscience." Aycox v. Lytle, 196 F.3d 1174, 1180 (10th Cir. 1999)(quoting Collins v. City of Harker Heights, Tex., 503 U.S. 115, 129-30 (1992)).

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence." Swarthout v. Cooke, 562 U.S. 216, 220 (2011). *A fortiori*, there is no right to be unconditionally released, i.e., without supervision, during the term of a suspended sentence. Hence, whether or not Petitioner is required to serve his suspended sentence in a supervised or unsupervised status is purely a matter of state law, and Petitioner was not denied due process.

In his second ground for habeas relief, Petitioner contends that the suspended portion of his sentence is "illegal" under Okla. Stat. tit. 22, § 991a©[3] because of his habitual offender status. This claim asserts only an issue of state law that cannot be the basis of federal habeas

---

[3]This statute limits the power of Oklahoma district courts to suspend a defendant's sentence following conviction and prohibits the suspension of sentences for "defendants being sentenced upon their third or subsequent to their third conviction of a felony."

3

relief. See Johnson v. Mullin, 505 F.3d 1128, 1141 (10th Cir. 2007)("[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions.")(internal quotations omitted); Gist v. Evans, 587 Fed. App'x. 490, 492 (10th Cir. 2014)(unpublished op.)(habeas petitioner's claim alleging a "due process" violation due to unlawful suspension of his sentence under state law was "a challenge of a pure issue of state law [that] cannot be the basis of federal habeas relief"); Chadwick v. Standifird, 2012 WL 3861277, *2 (E.D. Okla. 2012)(unpublished op.)(West, M.J.)(recommending dismissal of petition based on finding that habeas petitioner had alleged only violation of state law with claim that trial court failed to comply with Okla. Stat. tit. 22, § 991a© by suspending his sentence when he had three prior felony convictions), *adopted*, 2012 WL 3848656 (E.D. Okla. 2012)(unpublished op.).

In Petitioner's third ground for habeas relief, he asserts that the rules and conditions of supervised probation that he signed are unenforceable because the stated conditions allow him the opportunity to transfer to another state to be supervised. However, Petitioner contends that under the State's interstate compact agreement a receiving state has discretion whether to allow a probationer to be supervised in that state. This claim also asserts only an issue of state law that cannot be the basis of federal habeas relief. Johnson, 505 F.3d at 1141.

In his fourth ground, Petitioner asserts that the district court is refusing to respond to his pleadings and that he is therefore without available state judicial remedies. This argument appears to be directed solely to the issue of exhaustion of state remedies and not to a separate claim of constitutional deprivation. However, to the extent Petitioner is

4

asserting a separate claim for relief, this claim asserts only an issue of state law that is not cognizable in a federal habeas proceeding. Id. Because Petitioner has not alleged a constitutional deprivation that is subject to federal habeas review, the Petition should be denied.[4]

Even if Petitioner has stated a cognizable federal habeas claim, he has failed to exhaust available state court remedies. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition).

Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006).

A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted). Petitioner admits in his Petition that he has not exhausted state court remedies

---

[4]Although it appears the Petition may be barred by the expiration of the statute of limitations prescribed in 28 U.S.C. § 2244(d)(1), the undersigned has not addressed this issue.

5

concerning his claims. Petitioner has available state judicial remedies for exhausting his claims under Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080 *et seq.* See Scott v. Franklin, 122 Fed. App'x. 980, 983 (10th Cir. 2005)(unpublished op.)(recognizing "Oklahoma has no time limit on initial post-conviction habeas proceedings for non-capital offenses); Okla. Stat. tit. 22, § 1080 (specifying no time limit for filing initial post-conviction application). Petitioner has failed to demonstrate that requiring him to exhaust available state judicial remedies would be futile.

As it is clear from the face of the Petition that Petitioner has not satisfied the exhaustion requirement as to any of the claims asserted in the Petition, the Petition should be dismissed without prejudice for failure to exhaust available state remedies. See Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to exhaust where nonexhaustion is "clear from the face of the petition").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. Alternatively, it is recommended that the Petition be DISMISSED without prejudice for failure to exhaust state remedies. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___June 8th___, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v.

United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   18th   day of   May  , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE